OPINION
{¶ 1} Defendant-appellant Bryant L. Crowley appeals his conviction and sentence for two counts of assault, in violation of R.C. § 2903.13, misdemeanors of the first degree.
 {¶ 2} Crowley was indicted for two counts of assault on January 23, 2006. On *Page 2 
February 3, 2006, Crowley plead not guilty to the charges in the indictment. After a jury trial held on May 3, 2006, Crowley was found guilty on both counts of assault. On May 5, 2006, the trial court sentenced Crowley to twelve (12) months on the first count and eighteen (18) months on the second count, both counts to be served consecutively for an aggregate sentence of thirty (30) months imprisonment.
 {¶ 3} Crowley filed a notice of appeal and a motion for delayed appeal with this Court on August 24, 2006. In an entry filed on October 10, 2006, we sustained Crowley's motion to file a delayed appeal.
 I {¶ 4} The incident which forms the basis of this appeal occurred on January 11, 2006, while Crowley was incarcerated on a separate offense at the Clark County Jail. Clark County jail personnel were given orders to move Crowley into a different area of the jail. Crowley, however, was uncooperative as he apparently did not want to be moved. Deputy Wendy Beiers called Sergeant Donald Richendollar to assist in transporting Crowley. Upon arriving to assist, Sergeant Richendollar observed that Crowley had adopted a defensive posture and repeatedly refused to follow his commands, as well as the commands of the other deputies.
 {¶ 5} Sergeant Richendollar then sprayed Crowley with a three-second burst of pepper spray. Immediately after being sprayed, Crowley lunged at Sergeant Richendollar. Crowley was able to strike Sergeant Richendollar in the left temple and momentarily incapacitate him. At this point, the other deputies who were present, including Deputy Beiers, grabbed Crowley and attempted to subdue him. During the ensuing altercation, Deputy Beiers, who had also been adversely affected by the pepper spray, received injuries resulting in bruising to her face. *Page 3 
Crowley was eventually subdued with the help of additional deputies, and he was immediately taken to be decontaminated.
 {¶ 6} As a result of the incident, Crowley was indicted for two counts of assault for attacking Sergeant Richendollar and Deputy Beiers. Crowley was subsequently convicted and sentenced accordingly.
 {¶ 7} It is from this judgment that Crowley now appeals.
 II {¶ 8} Crowley's sole assignment of error is as follows:
 {¶ 9} "THE GUILTY VERDICT ON COUNT ONE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND NOT SUPPORTED BY SUFFICIENT EVIDENCE."
 {¶ 10} In his sole assignment, Crowley contends that the evidence adduced at trial fails to support his conviction for the assault of Deputy Beiers.[1] Specifically, Crowley argues that he suffered from an extreme and abnormal reaction to the pepper spray which rendered him "unaware of his surroundings, his conduct, or the actions of those around him." Thus, Crowley asserts that he could not have "knowingly," as the term is used in R.C. 2903.13(A), assaulted Deputy Beiers. Thus, he argues that his conviction under R.C. 2903.13(A) is clearly against the manifest weight of the evidence and is not supported by sufficient evidence.
 {¶ 11} Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson (1955), 162 Ohio St. 486,124 N.E.2d 148. A conviction based on legally insufficient evidence constitutes a denial of due process. *Page 4 Tibbs v. Florida (1982), 457 U.S. 31, 45, 102 S.Ct. 2211, 2220,72 L.Ed.2d 652, citing Jackson v. Virginia (1979), 443 U.S. 307,99 S.Ct. 2781, 61 L.Ed.2d 560. In considering the sufficiency of the evidence, the pivotal question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus; State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717.
 {¶ 12} When a conviction is challenged on appeal as being against the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52, 678 N.E.2d 541, citing Martin, 20 Ohio App.3d at 175. Because the trier of fact sees and hears the witnesses and is particularly competent to decide "whether, and to what extent, to credit the testimony of particular witnesses," we must afford substantial deference to its determinations of credibility. State v. Lawson (Aug. 22, 1997), Montgomery App. No. 16288. A judgment should be reversed as being against the manifest weight of the evidence only in exceptional circumstances. Martin, 20 Ohio App.3d at 175.
 {¶ 13} Pursuant to R.C. 2901.22(B), "knowingly" is defined as:
 {¶ 14} "(B) A person acts knowingly, regardless of his purpose, when he is *Page 5 
aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
 {¶ 15} In the instant case, Crowley contends that the evidence adduced at trial clearly demonstrated that based on his extreme and abnormal reaction to the pepper spray used by Sergeant Richendollar, he could not possibly have acted in a knowing manner when he injured Deputy Beiers. In support of his argument, Crowley secured the testimony of John Washburn, a registered nurse at the Clark County Jail, who testified that Crowley exhibited a heightened inflammatory response after being exposed to pepper spray. Specifically, exposure to pepper spray caused Crowley's face to noticeably swell. Washburn further testified, however, that swelling did not impair Crowley's vision. More importantly, Washburn did not testify that pepper spray caused Crowley to suffer uncontrollable convulsions or lose control of himself.
 {¶ 16} The State presented evidence, in the form of testimony from Deputy Beiers and Sergeant Richendollar, that Crowley initiated the altercation with his noncompliant behavior after jail personnel informed him that he was being moved to a different area of the jail. Before he sprayed Crowley, Sergeant Richendollar informed him of what would occur if he continued to refuse to follow his instructions. Armed with that knowledge, Crowley still chose to defy the deputies and maintained an aggressive posture. Upon being sprayed, Crowley knowingly attacked Sergeant Richendollar and momentarily stunned him. At this point, Crowley kept fighting with the deputies who were attempting to restrain him. Consequently, Deputy Beiers was injured in the ensuing struggle necessitated by Crowley's continuing refusal to comply. Viewed in a *Page 6 
light most favorable to the prosecution, a rational trier of fact could reasonably find that Crowley was aware that his violent behavior would result in injury to not only Sergeant Richendollar, but also to Deputy Beier as well. Thus, the evidence was not insufficient to support the charged offenses, nor did the jury clearly lose its way or create a manifest miscarriage of justice.
 {¶ 17} Crowley's sole assignment is overruled.
 III {¶ 18} Crowley's sole assignment of error having been overruled, the judgment of the trial court is affirmed.
WOLFF, J. and BROGAN, J., concur.
[1] It should be noted that Crowley does not dispute that he knowingly assaulted Sergeant Richendollar after being sprayed with pepper spray. *Page 1